IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TORNELLO PIERCE, )
 )
    Plaintiff, )
 )
v. ) 1:06CV630
 )
OCWEN LOAN SERVICING, )
 )
    Defendant. )

MEMORANDUM OPINION

This matter is before the Court on a Motion to Dismiss [Document #13] by Defendant Ocwen Loan Servicing ("Defendant"), as well as a Motion for "Relief from Judgment" and for Default Judgment [Document #11] by Plaintiff Tornello Pierce ("Plaintiff"), who is *pro se*. The Court notes first that Plaintiff in his Motion contends that he is entitled to entry of default and a Default Judgment in this case because Defendant did not file an Answer within the time required. However, Defendant filed a timely Motion for Extension of Time to Answer or Respond, which was granted by the Court by Order dated August 25, 2006. Defendant subsequently filed its Motion to Dismiss within the time allowed by the Court's Order. Therefore, Plaintiff's Motion for "Relief from Judgment" and for Default Judgment [Document #11] is without basis and will be denied.

Turning to Defendant's Motion to Dismiss, Defendant in its Motion contends that Plaintiff's claims are barred by *res judicata* and that Plaintiff has failed to state a claim upon which relief can be granted. In this regard, the Court notes that this is the second lawsuit filed in this

Court by Plaintiff related to debts owed by Plaintiff to Defendant. In May 2005, Plaintiff obtained two loans from Charlotte Home Equity, LLC, totaling $185,000.00, and pledged his real property as security for the loans. On July 25, 2005, the two loans were assigned to Defendant Ocwen for servicing. In October 2005, Plaintiff sent purported "payoff checks" to Defendant and demanded that the debts be cancelled and the liens released. However, the "payoff checks" were worthless, non-negotiable instruments and were apparently part of a "debt elimination scheme."

On February 14, 2006, Plaintiff filed his first lawsuit in this Court, designated as Case Number 1:06CV147, for "breach of contract," "money lent" and violation of the Truth in Lending Act, all apparently as part of his attempt to eliminate the debt he owed to Defendant. On June 16, 2006, the United States Magistrate Judge issued a Recommendation finding that Plaintiff's allegations were "confusing at best (at downright unintelligible at worst)" and that Plaintiff had failed to state any claim for relief. In the Recommendation, the Magistrate Judge considered certain documents referenced in or integral to the complaint, and concluded that the "checks" that Plaintiff submitted to Defendant "appear to be products of a fraudulent, debt-elimination scheme" and that Defendant had "continued to seek payment for the amount that Plaintiff still legitimately owed." (Recom. [Document #15 in 1:06CV147] at 6.) The Recommendation was adopted by Order of this Court on July 14, 2006, and Judgment was entered dismissing Plaintiff's claims with prejudice.

Plaintiff did not appeal that decision, and instead filed the present lawsuit ten days later

2

Case 1:06-cv-00630-JAB-WWD   Document 17   Filed 06/08/07   Page 2 of 4

on July 24, 2006, related to the same loans, contending that Defendant had not "validated" the debt. Plaintiff again brings confusing and unintelligible claims, this time alleging Violation of the Fair Debt Collection Practice Act, "Failure of Considereration [sic]" and "Defamation." Plaintiff contends that he has been denied additional credit as a result of the outstanding debt he owes to Defendant, which he still has not paid. Plaintiff, as in the previous suit, seeks cancellation of the lien on his real property and "damages" of $185,600.00.

Having reviewed Plaintiff's claims in the present case, the Court finds that Plaintiff's claims arise out of the same series of transactions and same core of operative facts as Plaintiff's prior suit, specifically the validity of the debt Plaintiff owes to Defendant and Plaintiff's attempts to avoid that debt through various fraudulent debt elimination schemes. That prior suit, which was between the same parties, was dismissed by this Court with prejudice. Therefore, the Court concludes that Plaintiff's present claims are barred by principles of *res judicata* and collateral estoppel, and Defendant's Motion to Dismiss on that basis will be granted. Moreover, even if the claims were not barred by *res judicata*, the Court concludes that, as in the previous case, Plaintiff's claims are baseless and fail to state a claim upon which relief may be granted. Therefore, dismissal is appropriate on that basis as well.

Finally, the Court notes that Defendant seeks an order prohibiting Plaintiff from filing additional lawsuits related to these debts and this debt elimination scheme. The Court has considered this request and will not enter such an order at this time. However, if Plaintiff persists in filing additional frivolous lawsuits in this matter, the Court notes that such an order

3

may be appropriate at that time, as well as other potential sanctions against Plaintiff if appropriate.

IT IS THEREFORE ORDERED that Plaintiff's Motion for "Relief from Judgment" and for Default Judgment [Document #11] is DENIED. IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [Document #13] is GRANTED and Plaintiff is hereby warned that if he persists in filing additional frivolous lawsuits related to the subject of this suit, his actions may subject him to potential sanctions by the Court. A Judgment dismissing this suit with prejudice will be filed contemporaneously herewith.

This, the 8th day of June, 2007.

_____
United States District Judge